IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KWASIE BADDY,            )
                         )
        Petitioner,      )
                         )
    vs.                  )    CIVIL ACTION NO.: CV611-008
                         )
                         )
BRUCE CHAPMAN, Warden,   )
                         )
        Respondent.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kwasie Baddy ("Baddy"), who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in Candler County. Respondent filed an Answer-Response and a Motion to Dismiss. Baddy filed a response to the Motion to Dismiss. For the reasons which follow, Respondent's Motion should be **GRANTED**. Baddy's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Baddy was indicted by the Candler County grand jury in January 1994 for two counts of aggravated assault and possession of a firearm by a convicted felon. (Doc. No 13-6, pp. 23-24). At a jury trial held February 6-7, 1995, Baddy was found guilty on all counts. (Id. at 22). Baddy was sentenced to 35 years' imprisonment. (Doc. No. 13-9, p. 85). Baddy alleged three enumerations of error on appeal. The Georgia Court of Appeals found those grounds lacked merit, and affirmed Baddy's convictions and

AO 72A
(Rev. 8/82)

sentences on January 29, 1996, in an unpublished decision. Baddy v. State, No. A95A2626 (Ga. App. Jan. 29, 1996), cert. denied, No. S96C0854, (Ga. April 25, 1996). (Doc. No. 13-10, p. 36)

More than a decade later, on October 16, 2006, Baddy filed a petition for a writ of habeas corpus in the Superior Court of Tattnall County. (Doc. No. 13-1). An evidentiary hearing was held on January 24, 2007, at which documentary evidence was presented. In an order filed on May 22, 2007, the state habeas corpus court denied relief. (Doc. No. 13-2). Baddy filed an application for certificate of probable cause to appeal to the Georgia Supreme Court, which was granted on July 7, 2008, remanding the case for the habeas court to address all of Baddy's claims. (Doc. No. 13-3). In an order filed November 22, 2009, the state habeas corpus court again denied relief. (Doc. No. 13-4). Baddy again filed an application for certificate of probable cause to appeal to the Georgia Supreme Court, which was denied in an order dated January 14, 2011. (Doc. No. 13-5). Baddy filed this petition pro se, raising four grounds of ineffective assistance of counsel.

Respondent filed a Motion to Dismiss Baddy's petition as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, a petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Secr'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, under the AEDPA, Petitioner had one year from July 24, 1996 to file his federal habeas corpus petition challenging his conviction. The Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir.2003). Here, Petitioner waited over ten years following his

3

convictions before seeking post-conviction relief in the state courts in October of 2006. Therefore, by the time Petitioner filed his state habeas corpus petition, the one-year statute of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir.2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir.2003)).

Baddy has not established that equitable tolling is appropriate in this case. Equitable tolling is "an extraordinary remedy that is typically applied sparingly" and is appropriate when a petitioner untimely files due to extraordinary circumstances beyond his control and unavoidable even with diligence. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2006). Baddy has the burden to show he is entitled to equitable tolling. Id. Baddy makes no contention that he is so entitled.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Baddy's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 25th day of April, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)