UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KWASIE BADDY,

Petitioner,

v.  6:11-cv-8

BRUCE CHAPMAN,

Respondent.

## ORDER

On April 11, 2011, Respondent moved to dismiss Petitioner's case, with prejudice, as untimely filed. *See* Doc. 8. Ten days later, Petitioner moved to dismiss his complaint, without prejudice. *See* Doc. 15. On April 25, 2011, the Magistrate Judge recommended that the Court grant Respondent's motion, and deny Petitioner's, because Petitioner waited ten years to file a habeas action after his direct appeal was exhausted. *See* Doc. 16. The Court adopted the recommendation on May 27, 2011. *See* Docs. 18, 19.

Baddy has filed a "Notice of Appeal," in which he complains that the Court granted Respondent's motion "36 days AFTER Petitioner moved this Court to DISMISS his civil action." *See* Doc. 20 (emphasis in original).

Federal Rule of Civil Procedure 41(a) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Here, Petitioner filed a "Motion to Dismiss Petition Without Prejudice" on April 21, 2011. *See* Doc. 15. By that time, Respondent had already filed his "Motion to Dismiss Petition as Untimely," *see* Doc. 8, but not an answer or a summary judgment motion. The Magistrate Judge had not yet ruled on the motion to dismiss.

Under Rule 41(a), the Petitioner had the right to dismiss without prejudice, and without a court order. The Court erred in denying Petitioner's motion and dismissing *with* prejudice.

Whether this court has jurisdiction to overturn this error is another question. "The filing of a notice of appeal is an event of jurisdictional significance . . . and divests the district court of its control over those aspects of the case involved in the appeal." *See United States v. Reed*, 404 F. App'x 464, 465 (11th Cir. 2010). But this matter is currently before the Court on Baddy's implied motion for a Certificate of Appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Id.* (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

While it is certainly debatable whether the Court was correct in denying Petitioner's motion for voluntary dismissal, it is not debatable that his habeas petition was procedurally barred. The Court denied Petitioner relief because he waited over ten years to file a state habeas petition after his direct appeal was denied. *See* Doc. 16 at 1-2; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like [Petitioner's] that is filed following the expiration of the limitations period cannot toll the limitations period because there is no period remaining to be tolled.").

Petitioner's implied motion for a COA, *see* Doc. 20, is ***DENIED***.

This 21st day of June 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA